UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBINSON,

              Plaintiff,

     v.

JOSEPH LEHMAN,

              Defendant.

Case No.  C05-5277RBL

REPORT AND RECOMMENDATION

**NOTED FOR
September 23rd, 2005**

       This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is defendant's motion to dismiss. (Dkt. # 17).  Counsel for plaintiff has filed a response (Dkt. # 19)

## FACTS

       Plaintiff was an inmate serving a sentence with the state Department of Corrections.  When plaintiff was released from the Department of Corrections he was detained for civil commitment as a sexually violent predator by the Department of Social Health Services.  According to the complaint, plaintiff had an earned early release date of February 8th, 1996.  He was not released from the custody of the Department of Corrections until December 30th, 1997. (Dkt. # 17).  This action was not filed until April 12th, 2005.

       Defendant Lehman moves to dismiss the action based on a running of the statute of limitations.  (Dkt.

REPORT AND RECOMMENDATION
Page - 1

1  # 17). Plaintiff argues he has not yet been civilly committed. (Dkt. # 19, page 1). Counsel argues equitable
2  tolling should apply to this action. (Dkt. # 19).

## DISCUSSION

A court may dismiss a claim under Fed.R.Civ.P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing: Conley v. Gibson, 355 U.S. 41, 45-56 (1957). Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983).

A.   Statute of limitations.

The Civil Rights Act, 42 U.S.C. § 1983, contains no statue of limitations and the federal courts use the applicable statute of limitations from the state in which they sit. In Washington the statute of limitations for filing a civil rights action is three years. Rose v. Rinaldi, 654 F.2d 546 (1981).

Plaintiff had an earned early release date of February 8th, 1996 but he was not released on that date and was held until December 30th, 1997. (Dkt. # 17). While plaintiff was being held he could not have filed a civil rights action as he would have been challenging the fact or duration of his confinement and his remedy would have been in habeas. Heck v. Humphrey, 512 U.S. 477 (1994). Once he was released from the custody of the Department of Corrections he no longer had standing to file a habeas action challenging that sentence as he was not in custody on that conviction. Under 28 U.S.C. § 2254, the district court may entertain an application for a writ of habeas corpus only from a person in custody pursuant to the judgment of a state court. The custody requirement of the habeas corpus statute is designed to preserve the writ as a remedy for severe restraints on individual liberty. Hensley v. Municipal Court, San Jose Milpitas Judicial District, 411 U.S. 345, 351 (1973). The person must be in custody pursuant to the conviction or sentence under attack at the time the petition is filed. Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

For purposes of this motion the court is assuming that the statute of limitations for the plaintiff's Civil Rights claim commenced on December 30th, 1997. The three year statute of limitations gave plaintiff until

December 31st, 2000 to file his action. This action was filed four years four months and twelve days after the running of the statute of limitations. Defendant Lehman is entitled to dismissal unless the statute is tolled.

B.   Equitable tolling.

When a federal court adopts a state statute of limitations the relevant state tolling statutes are also applicable. Bianchi v. Bellingham, 909 F. 2d. 1316 (9th Cir. 1990). While portions of Washington's tolling provisions do not include civil detainees and specifically reference criminal detainees, plaintiff urges the court to apply the doctrine of equitable tolling to include them. (Dkt. # 19).

In Washington the doctrine of equitable tolling allows a court to extend a statute of limitation that has "nominally elapsed" when justice so requires. State v. Robinson, 104 Wash App. 657, 659 (2001). The state court of appeals in Robinson explains that in Washington appropriate circumstances for application of the doctrine generally include bad faith, deception, or false assurances by the defendant, and the exercise of diligence by the plaintiff. State v. Robinson, 104 Wash App. 657, 659 (2001). None of those factors are present in this case. Further, the court does not believe a delay of over four years to be nominal.

Plaintiff argues Washington law does not require the granting of equitable tolling to be conditioned on factors such as bad faith, deception, false assurances, or diligence because the remedy is equitable in nature. (Dkt. # 19 pages 3 and 4). The very cases cited by plaintiff each acknowledge the standard for application of the doctrine to include bad faith, deception, or false assurances by the defendant, and the exercise of diligence by the plaintiff. State v. Robinson, 104 Wash App. 657, 659 (2001); State v. Duvall, 86 Wn App. 871, 875 (1997): In Re Hosington, 99 Wash. App. 423, 431 (2000).

Plaintiff in this action allowed the three year statute to run while he took no action. He then waited over four more years before filing. There is no argument showing any action by the state hindered or prevented plaintiff from filing in a timely manner. Equitable tolling should not be available under these circumstances and defendant is entitled to dismissal of the action.

## CONCLUSION

This action is time barred and the doctrine of equitable tolling is not available on the facts presented. The defendant's motion to dismiss should be **GRANTED.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the

REPORT AND RECOMMENDATION
Page - 3

parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 23rd, 2005**, as noted in the caption.

DATED this 30th day of August, 2005.

Karen L. Strombom
United States Magistrate Judge